**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAWRENCE SNEED,**

    **Plaintiff,**

**vs.**                                      **Case No. 4:08cv202-MP/WCS**

**JAMES McDONOUGH, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

By court order entered on July 14, 2008, Plaintiff, a *pro se* inmate, was directed to either file an amended complaint or file a notice of voluntary dismissal under Rule 41(a) because it appeared this § 1983 actions was barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  Doc. 14.  Plaintiff responded by filing an amended complaint.  Doc. 15.

Plaintiff's amended complaint is insufficient and fails to state a claim.  Rather than state the facts which support his claims, Plaintiff argues points of law.  Plaintiff has not alleged any *actions* by any Defendants that harmed him or show a constitutional

violation.  Instead, Plaintiff's amended compliant[1] argues points of law such as

supervisory liability.  Because fails to provide any factual allegations and, instead,

provides conclusory points of law, this case should be summarily dismissed.

Plaintiff was previously advised that he could not use a civil rights action to seek

the restoration of gain time or challenge a disciplinary hearing that resulted in a loss of

gain time.  Plaintiff has not shown that he seeks anything different.  Despite an explicit

instruction for Plaintiff to "explain *why* he could be entitled to any relief should it be

found that his due process rights were violated," *see* doc. 14, Plaintiff has not done so.

Plaintiff's allegations are vague and conclusory, and this action should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

amended complaint, doc. 15, be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

---

[1] In Plaintiff's initial complaint, he clearly indicated he had a disciplinary hearing
concerning the subject matter of this case, that he lost gain time as a result of the
hearing, and noted the gain time had not been restored.  Doc. 1, p. 5.

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**